1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KELLY LYNNE JARRETT,                      No.  2:21-cv-01386 AC

12                 Plaintiff,

13         v.                                  **ORDER**

14   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security,
15
                   Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for disability insurance benefits ("DIB") under

20   Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

21   plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for

22   summary judgment will be GRANTED.

23                            I.  PROCEDURAL BACKGROUND

24          Plaintiff applied for DIB on April 7, 2017.  Administrative Record ("AR") 189.[2]  The

25   disability onset date was alleged to be April 26, 2016.  Id.  The application was disapproved

26

27   _____
     [1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
     who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New
     York, 476 U.S. 467, 470 (1986).
28   [2]  The AR is electronically filed at ECF Nos. 14-1 (AR 1 to AR 706).

                                              1

1  initially and on reconsideration.  AR 94-97, 99-103.  On February 11, 2021, ALJ Carol Eckersen

2  presided over the hearing on plaintiff's challenge to the disapprovals.  AR 28 – 66 (transcript).

3  Plaintiff, who appeared with counsel Roopen Parekh, was present and testified at the hearing.  AR

4  28-29.  Erin Welsh, a Vocational Expert ("VE"), also testified at the hearing.  Id.

5          On March 8, 2021, the ALJ found plaintiff "not disabled" under Sections 216(i) and

6  223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 15-23 (decision), 24-27 (exhibit

7  list).  On June 10, 2021, the Appeals Council denied plaintiff's request for review, leaving the

8  ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-5 (decision

9  and additional exhibit list).  Plaintiff filed this action on August 4, 2021.  ECF No. 1; see 42

10  U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 13.

11  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by

12  the Commissioner, have been fully briefed.  ECF Nos. 19 (plaintiff's summary judgment motion),

13  23 (Commissioner's summary judgment motion), 26 (plaintiff's reply).

14                              II.  FACTUAL BACKGROUND

15          Plaintiff was born in 1960, and accordingly was, at age 56, a person of advanced age

16  under the regulations, when she filed her application.[3]  AR 55.  Plaintiff has three years of college

17  education, and can communicate in English.  AR 209, 211.  Plaintiff alleges disability due to

18  anxiety, post-traumatic stress disorder (PTSD), and depression.  AR 210.  Though plaintiff's

19  initial application listed the disability onset date as April 26, 2016, plaintiff's adult function report

20  lists the onset date as January 11, 2018.  AR 211.  Plaintiff has work history as a property

21  manager and senior production planner.  AR 212.

22                              III.  LEGAL STANDARDS

23          The Commissioner's decision that a claimant is not disabled will be upheld "if it is

24  supported by substantial evidence and if the Commissioner applied the correct legal standards."

25  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

26  Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews

27  v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

28  _____
   [3]  See 20 C.F.R. § 404.1563(e) ("person of advanced age").

                                          2

1         Substantial evidence is "more than a mere scintilla," but "may be less than a

2    preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

3    evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v.

4    Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the

5    record can constitute substantial evidence, only those 'reasonably drawn from the record' will

6    suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

7    Although this court cannot substitute its discretion for that of the Commissioner, the court

8    nonetheless must review the record as a whole, "weighing both the evidence that supports and the

9    evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS,

10    846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

11    court must consider both evidence that supports and evidence that detracts from the ALJ's

12    conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

13         "The ALJ is responsible for determining credibility, resolving conflicts in medical

14    testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

15    Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of

16    which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart,

17    278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

18    ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn

19    v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

20    2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

21    evidence that the ALJ did not discuss").

22         The court will not reverse the Commissioner's decision if it is based on harmless error,

23    which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

24    ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

25    2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

26    Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

27    ////

28    ////

1          IV.  RELEVANT LAW

2          Disability Insurance Benefits and Supplemental Security Income are available for every

3    eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

4    is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically

5    determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

6    (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

7          The Commissioner uses a five-step sequential evaluation process to determine whether an

8    applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4);

9    Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

10   process to determine disability" under Title II and Title XVI).  The following summarizes the

11   sequential evaluation:

12              Step one: Is the claimant engaging in substantial gainful activity?  If
13              so, the claimant is not disabled.  If not, proceed to step two.

14   20 C.F.R. § 404.1520(a)(4)(i), (b).

15              Step two: Does the claimant have a "severe" impairment?  If so,
                proceed to step three.  If not, the claimant is not disabled.

16   Id. §§ 404.1520(a)(4)(ii), (c).

17              Step three: Does the claimant's impairment or combination of
18              impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
                Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to
19              step four.

20   Id. §§ 404.1520(a)(4)(iii), (d).

21              Step four: Does the claimant's residual functional capacity make him
                capable of performing his past work?  If so, the claimant is not
22              disabled.  If not, proceed to step five.

23   Id. §§ 404.1520(a)(4)(iv), (e), (f).

24              Step five: Does the claimant have the residual functional capacity
                perform any other work?  If so, the claimant is not disabled.  If not,
25              the claimant is disabled.

26   Id. §§ 404.1520(a)(4)(v), (g).

27          The claimant bears the burden of proof in the first four steps of the sequential evaluation

28   process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

4

disabled"), 416.912(a) (same); <u>Bowen</u>, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy."  <u>Hill v. Astrue</u>, 698 F.3d 1153, 1161 (9th Cir. 2012); <u>Bowen</u>, 482 U.S. at 146 n.5.

V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2022.

> 2. [Step 1] The claimant has not engaged in substantial gainful activity since January 12, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).

> 3. [Step 2] The claimant has the following severe impairments: alcohol dependence in intermittent remission, depressive disorder, anxiety disorder, and post-traumatic stress disorder (20 CFR 404.1520(c)).

> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

> 5. [Residual Functional Capacity ("RFC")] The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following limitations: she must avoid moderate exposure to workplace hazards. She can perform simple, repetitive tasks and sustain attention, concentration, persistence, and pace to attend and complete the workday and work week for simple, repetitive tasks. She can adapt to change and stress for simple, repetitive tasks.

> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).

> 7. [Step 5] The claimant was born [in 1960] and 57 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563).

> 8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).

> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Work exists in significant numbers in the national economy that the claimant could perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 12, 2018, through the date of this decision (20 CFR 404.1520(g)).

AR 17-22.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act.  AR 22.

## VI.   ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to acknowledge and evaluate lay witness testimony; (2) improperly discrediting plaintiff; and (3) improperly discrediting plaintiff's treating physician opinion.  ECF No. 19 at 6-20.

### A.   The ALJ Properly Rejected Plaintiff's Subjective Testimony

The ALJ provided sufficient reasons for  rejecting plaintiff's subjective testimony regarding her impairments.  Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted).  Objective medical evidence of pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so."  Id. (internal citations omitted).  The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."  Id. at 1016.

The ALJ summarizes plaintiff's testimony as follows: "[t]he claimant alleges that she has intense depression, anxiety, and post-traumatic stress despite taking multiple medications.  The

6

1   side effects of her medication cause nausea, heartburn, memory loss, constipation, dizziness,

2   chest tightness, and cause her to feel shaky.  She stopped working because she was unable to

3   handle stress.  She does not engage in hobbies.  There are days when she is unable to leave her

4   house due to low motivation."  AR 18.  The ALJ's opinion states that plaintiff's testimony is

5   discredited because it is "not entirely consistent with the evidence."  AR 20.  The ALJ's review of

6   the evidence primarily points to notes from Granite Pointe Psychiatry Group, which treated

7   plaintiff for alcohol dependence, major depressive disorder, and post-traumatic stress disorder.

8   AR 19.  The ALJ points to notes reflecting "normal mental status examination findings" such as

9   full orientation, no psychomotor agitation or retardation, linear thought process, adequate

10  memory, sufficient attention and concentration, and appropriate insight and judgment.  AR 20.

11       The ALJ's reasons for discounting plaintiff's subjective testimony are legally sufficient.

12  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective

13  testimony."  Carmickle v. Comm'r, Soc. Sec. Admin., 533 F. 3d 1155, 1161 (9th Cir. 2008).  For

14  example, although plaintiff alleged difficulties starting and completing tasks, clinicians repeatedly

15  found "grossly intact" cognition, adequate memory, and sufficient attention and concentration.

16  AR 20, 336, 338, 340, 342, 344, 346.  Plaintiff's medical records, cited by the ALJ, are largely

17  unremarkable: she had normal speech, exhibited good eye contact, and showed no signs of

18  psychomotor agitation or retardation.  AR 337, 340, 342, 344, 346.  Though plaintiff continued to

19  complain of depression and anxiety into early 2020, examinations performed at the time again

20  showed grossly intact cognition, "sufficient" attention and concentration, and no deficits in

21  memory. AR 20, 674, 676.  The ALJ adequately relied on the medical record to sufficiently

22  support the decision to discredit plaintiff's symptom allegations.

23       The ALJ also relied on plaintiff's daily activities to discredit plaintiff's allegations of

24  debilitating depression and anxiety symptoms.  AR 20.  An ALJ may reject a claimant's

25  testimony by pointing to "contradictions in the claimant's own testimony about his activities of

26  daily living."  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

27  Plaintiff reported that with medication treatment, she was able to plan a three-week trip to Africa

28  with a Christian mission.  AR 20, 340.  Plaintiff later reported her trip went "well overall," and

7

1    she denied any medication side effects.  AR 342.  Despite her allegations of difficulty starting and

2    completing tasks, plaintiff reported that, during her trip, she worked on a guesthouse, doing tasks

3    such as painting, setting up furniture, and installing vinyl floors.  AR 20, 45-48.  Though a

4    plaintiff may be disabled and still able to take a vacation or travel, the type of complex

5    international travel documented in the record strongly contradicts plaintiff's alleged symptoms.

6    The ALJ reasonably rejected Plaintiff's symptom allegations given their inconsistency with such

7    activities.  AR 20.

8              B.  The ALJ's Treatment of Lay Witness Testimony is Harmless Error at Most

9              Plaintiff argues that the ALJ erred by failing to consider the written lay witness testimony

10   of plaintiff's husband, Allen Jarrett (AR 277–284), and son, Corey Southerland (AR 224–231).

11   The Commissioner does not dispute that the ALJ omitted discussion of these opinions; instead,

12   the Commissioner argues that the new Social Security regulation revisions published in 2017

13   eliminate the requirements articulated in earlier caselaw regarding the ALJ's evaluation of lay

14   witness testimony.  ECF No. 23 at 8-10, citing 20 C.F.R. § 404.1520c(d).

15             Here, regardless of the applicable standard, any error is harmless.  The third-party

16   statements describe the same limitations to which plaintiff testified, and, for the reasons set forth

17   above, plaintiff has not shown that the ALJ erred in discounting her testimony.  Accordingly, the

18   ALJ also provided adequate reasons for discounting the third-party testimony.  See Valentine v.

19   Comm'r of Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided

20   clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and

21   because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also

22   gave germane reasons for rejecting [the lay witness's] testimony"); see also, Johnson v. Kijakazi,

23   2022 WL 3998572, at *2 (9th Cir. Sep. 1, 2022) (finding harmless error in ALJ's failure to

24   address lay statements where the lay statements were similar to plaintiff's properly rejected

25   testimony in a case applying the 2017 regulations).  Because of this, if error occurred, the error

26   was harmless and does not require remand.

27   ////

28   ////

1       C.  The ALJ Adequately Assessed the Physician Opinions

2         Plaintiff argues that the ALJ improperly discounted the opinions of her treating

3 psychiatrist, Elena Rapoport, M.D.  ECF No. 19 at 16-20; AR 352–355, 408–412.  With respect

4 to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which

5 change the framework evaluation of medical opinion evidence.  Revisions to Rules Regarding the

6 Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20

7 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific

8 evidentiary weight . . . to any medical opinion(s)" but instead must consider and evaluate the

9 persuasiveness of all medical opinions or prior administrative medical findings from medical

10 sources and evaluate their persuasiveness.  Revisions to Rules, 2017 WL 168819, 82 Fed. Reg.

11 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

12         The factors for evaluating the persuasiveness of a physician opinion include

13 supportability, consistency, relationship with the claimant (including length of the treatment,

14 frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of

15 an examination), specialization, and "other factors that tend to support or contradict a medical

16 opinion or prior administrative medical finding" (including, but not limited to, "evidence showing

17 a medical source has familiarity with the other evidence in the claim or an understanding of our

18 disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).

19 Supportability and consistency are the most important factors, and therefore the ALJ is required

20 to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  Supportability and

21 consistency are defined in the regulations as follows:

22                (1) Supportability.  The more relevant the objective medical evidence
and supporting explanations presented by a medical source are to
23                support his or her medical opinion(s) or prior administrative medical
finding(s), the more persuasive the medical opinions or prior
24                administrative medical finding(s) will be.

25                (2) Consistency.  The more consistent a medical opinion(s) or prior
administrative medical finding(s) is with the evidence from other
26                medical sources and nonmedical sources in the claim, the more
persuasive the medical opinion(s) or prior administrative medical
27                finding(s) will be.

28 20 C.F.R. § 404.1520c(c)(1)-(2).

1    The ALJ may, but is not required to, explain how the other factors were considered.  20

2    C.F.R. § 404.1520c(b)(2).  However, when two or more medical opinions or prior administrative

3    findings "about the same issue are both equally well-supported . . . and consistent with the record

4    . . . but are not exactly the same," the ALJ must explain how "the other most persuasive factors in

5    paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 404.1520c(b)(3).  The Ninth

6    Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule"

7    and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or

8    "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  Woods v.

9    Kijakazi, 32 F.4th 785 (9th Cir. 2022).  Still, in rejecting any medical opinion as unsupported or

10   inconsistent, an ALJ must provide an explanation supported by substantial evidence.  Id.  In sum,

11   the ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from

12   each doctor or other source . . . and 'explain how [he or she] considered the supportability and

13   consistency factors' in reaching these findings."  Id. (citing 20 C.F.R. §§ 404.1520c(b),

14   404.1520(b)(2)).

15          Here, the ALJ reviewed the opinions of Dr. Rapoport and State agency medical consultant

16   Michael Dennis, Ph.D.  AR 20-21.[4]  The ALJ summarized Dr. Dennis's opinion as stating that

17   "claimant has a severe mental impairment; she could understand and remember simple

18   instructions; she could complete simple instructions and follow directions without additional

19   assistance; she might have moderate difficulties maintaining adequate attention, concentration,

20   persistence, and pace as needed to complete a full workday/week; she could maintain appropriate

21   behavior in a context of social demands and public contact; she could be aware of ordinary

22   hazards, make simple decision, utilize transportation, and cope with the demands of a typical

23   work-like environment.  With such limitations, Dr. Dennis ultimately concluded that the claimant

24   could perform simple 1- to 2-step tasks."  AR 20.  The ALJ found Dr. Dennis's opinion

25   persuasive, and noted that it accounts for waxing and waning of symptoms.  AR 21.

26

27   [4]  The ALJ also reviewed the opinion of State agency consultant Paul Klein, Psy. D., who opined
     that plaintiff had no severe mental impairment.  AR 21.  The ALJ found this opinion
28   unpersuasive, and that conclusion is not issue here.

With respect to Dr. Rapoport, the ALJ concluded that the opinions were not persuasive because even though they were supported by citations to mental status examination findings, they were not consistent with the evidence – specifically Dr. Rapoport's own records and plaintiff's statements recorded in those records.  AR 21.  For example, the ALJ noted that despite opining that plaintiff had only fair to poor ability to perform even simple instructions, Dr. Rapoport's own examinations recorded normal findings, including "grossly intact" cognition, adequate memory, and sufficient attention and concentration.  AR 21, 336, 338, 340, 342, 344, 346.  Further, Dr. Rapoport's own examination notes showed plaintiff reported she was having success with her treatment.  AR. 21, 680 ("Overall she is pleased with treatment."), 410.

As a secondary basis for finding inconsistency, the ALJ found Dr. Rapoport's opinions were inconsistent with plaintiff's reported daily activities: in contrast to the opinion that plaintiff had fair to poor ability to perform almost all activities, the record showed that she shopped in stores, drove a car, managed her own finances, attended bible study, and performed household chores.  AR 21, 254-57.  Moreover, as discussed above, plaintiff was able to take an international mission trip to Africa where she worked on a guesthouse, doing tasks such as painting, setting up furniture, and installing vinyl floors.  AR 20, 45-48.  The ALJ reasonably found Dr. Rapoport's opinions were unpersuasive under the factors set out by the revised regulations.

In her reply brief, plaintiff appears to argue that the ALJ erred by crediting Dr. Dennis's opinion without addressing the supportability and consistency factors.  ECF No. 26 at 7.  To the extent plaintiff argues that this was error, the argument is undeveloped and therefore not considered.  Indep. Towers of Washington v. Washington, 350 F.3d 925, 930 (9th Cir. 2003) (declining to consider arguments not articulated.)  To the extent plaintiff argues that the ALJ erred by not giving the treating physician's opinion more weight than the opinion of a consulting physician, the 2017 regulations eliminated the rule giving presumptive weight to treating physician opinions.  There is no error here.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 19), is DENIED;

11

1     2.  The Commissioner's cross-motion for summary judgment (ECF No. 23), is

2  GRANTED;

3     3.  The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

4  DATED: September 15, 2023

5

6  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12